```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DANELLE BOSTROM, et al., | HON. JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 11-1424 (JBS/JS) |
| v. | |
| | **OPINION** |
| NEW JERSEY DIVISION OF YOUTH AND FAMILY SERVICES, et al., | |
| Defendants. | |

APPEARANCES:

Louis Charles Shapiro, Esq.
SHAPIRO & SHAPIRO
1063 EAST LANDIS AVENUE
P.O. BOX 787
Vineland, NJ 08362
    Attorney for Plaintiffs

Rahat N. Babar, Esq.
DEPARTMENT OF LAW & PUBLIC SAFTEY
DIVISION OF LAW
25 MARKET STREET
P.O BOX 116
Trenton, NJ 08625
    Attorney for the Defendants

**SIMANDLE**, District Judge:

**I. INTRODUCTION**

    Plaintiffs filed this action pursuant to 42 U.S.C. § 1983 in state court, alleging deprivations of constitutional rights, and Defendants removed the case to this Court.  The matter is before the Court upon the motion of Defendants New Jersey Division of Youth and Family Services ("DYFS") and New Jersey Department of Human Services ("DHS") to dismiss the Complaint for failure to

state a claim. [Docket Item 4.] Plaintiffs have also cross-moved to remand the case to the Superior Court. [Docket Item 11.] For the reasons set forth below, the Court will deny Plaintiffs' motion to remand and grant Defendants' motion to dismiss.

**II.   BACKGROUND**

   **A.   Facts**

Plaintiffs Danelle and Stephen Bostrom became foster parents for DYFS and adopted an infant child, herein known as A.N.B. Compl. ¶ 27. According to the Complaint, throughout her childhood, A.N.B. suffered from aggressive behavior and depression, leading her to physically attack her mother and family members. Id. ¶¶ 28-38.

At around age fourteen, A.N.B. was admitted to a crisis center, where she was diagnosed with borderline personality disorder. Id. ¶¶ 40, 42. Plaintiffs feared that A.N.B. was a danger to the family and would not permit her to return home. Id. ¶ 43. Subsequently, A.N.B. was placed in a long-term mental health facility, but she became pregnant, and DYFS moved her to a home for young mothers. Id. ¶¶ 43-45.

A.N.B again went missing from DYFS housing until she was located by a DYFS agent who contacted Plaintiffs and advised them that A.N.B. would be returned to their home. Id. ¶¶ 48, 49.

After Plaintiffs refused the return of A.N.B., a DYFS worker allegedly "screamed at Plaintiff . . . and made degrading comments about Plaintiffs' parenting skills." Id. ¶ 50.  DYFS then allegedly questioned the safety of the Plaintiffs' two sons and indicated that the agency needed to check on the children's well-being.  Id. ¶¶ 51-55.

At 1:15 a.m. on December 14, 2006, various state employees arrived at Plaintiffs' house and examined Plaintiffs' children for abuse, which they did not find.  Id. ¶¶ 57-59.  This encounter forms the basis of Plaintiffs' Complaint.  Plaintiffs allege that DYFS's conduct violated their constitutional rights.

### B. Procedural History

Plaintiffs filed their initial complaint with the Cumberland County Superior Court of New Jersey on December 11, 2008.  The complaint sought money damages and injunctive relief against several individuals, as well as two agencies, DYFS and DHS.  Id. ¶¶ 64-96.

In the state court, DYFS and DHS moved to dismiss the complaint, arguing that neither entity is a "person" amenable to suit under § 1983.[1]  The state trial court partially granted the

---

[1] 42 U.S.C. § 1983, provides:
"Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected,

motion, dismissing the claims for money damages against both entities, but declining to dismiss Plaintiffs' claim for injunctive relief at that time.  Defs.' Br. Ex. A.  The court emphasized that this decision was not final and invited the moving defendants to renew their motion on the injunctive relief portion of the complaint at a later time.  Id.

Prior to a renewed motion to dismiss, Plaintiffs filed an amended complaint.  Am. Compl. 1.  The Amended Complaint named additional defendants.  The initial Complaint included an unidentified party designated as "Tara (LNU)," but on February 22, 2011, Tara Broglin was named as a direct defendant in place of the partial designation "Tara (LNU)", and on March 9, 2011, the Attorney General accepted service of the summons and the Amended Complaint on behalf of Defendant Tara Broglin.  Before any of the defendants responded to the Amended Complaint, Defendant Broglin filed a Notice of Removal within thirty days of her service on March 11, 2011.  All defendants consented to the removal.  Id.

---

> any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

4

**III. DISCUSSION**

    **A. Motion to Remand**

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. For a removal to be procedurally proper, the motion to remove must be timely under 28 U.S.C. § 1446(b).[2]

It is undisputed that this Court has original jurisdiction over the 42 U.S.C. § 1983 claims pursuant to 28 U.S.C. § 1331. Plaintiffs contend, however, that Defendants DYFS and DHS are not

---

    [2] The statute provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

properly before this Court because the Notice of Removal was not timely as to them. Plaintiffs argue that the Notice of Removal only permits Defendant Broglin to be before the district court.

> 1. <u>Timeliness of Plaintiffs' remand motion</u>

Once an action is removed, a party may challenge removal by moving to remand the case back to state court. In order to defeat the motion to remand, the removing party bears the burden of showing that the federal court has jurisdiction to hear the case. <u>Abels v. State Farm Fire & Gas Co.</u>, 770 F.2d 26, 29 (3d Cir. 1995). In addition to the time constraints on removal, there are also time constraints on motions to remand. A motion to remand on the basis of any defect other than lack of subject matter jurisdiction "must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c); <u>see also</u> <u>Ariel Land Owners, Inc. v. Dring</u>, 351 F.3d 611, 613 (3d Cir. 2003) (finding that remand may only be effected by "a timely motion"). Plaintiffs did not move for remand within that period.

Plaintiffs, unable to dispute the tardiness of their motion, contend that their motion was intended to provide the Court with a "procedural mechanism" to remand the case. This is not sufficient because the District Court has "no authority to order remand . . . without a timely filed motion," except for lack of subject matter jurisdiction. <u>Ariel</u>, 351 F.3d at 613; <u>see also</u>

Air Shields, Inc. v. Fullam, 891 F.2d 63, 66 (3d Cir. 1989) (holding that the District Court "exceeded its statutorily defined power" when it remanded a case after the thirty-day time limitation expired). Plaintiffs' remand motion will be denied because it is untimely and is not a matter of subject matter jurisdiction for which timeliness is waived.

        2.   Appropriateness of Removal

In addition to being untimely, Plaintiffs' motion for remand is without merit. To be considered timely, a notice of removal must be filed within thirty days of service of process. 28 U.S.C. § 1446(b). In cases involving only a single defendant, the Supreme Court has held that the defendant's thirty-day period to remove does not begin until he or she is served with both summons and complaint. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999) (finding that "mere receipt of the complaint unattended by any formal service" is not sufficient to begin the thirty-day period for removal). Thus, the removal period for a defendant begins to run only once the defendant is properly served or until that defendant waives service. See id. at 350.[3]

---

[3] In cases in which removal jurisdiction is based upon diversity of citizenship under 28 U.S.C. § 1332, there is a one-year limit to removability that cannot be exceeded, see 28 U.S.C. § 1446(b), supra, which is inapplicable to this federal question case.

When there are multiple defendants, courts are currently split as to whether service on the first-served or the last-served defendant begins the thirty-day period to file a notice of removal.  See Orlick v. J.D. Carton & Son, Inc., 144 F. Supp. 2d 337, 342-43 (D.N.J. 2007) (describing the split).  Several older precedents followed the "first-served defendant" rule, which "creates only one thirty-day period to remove an action, which begins when the first defendant is served."  Griffith v. Am. Home Prod., 85 F. Supp. 2d 995, 998 (E.D. Wa. 2000); see also N.Y. Life Ins. Co. v. Deshotel, 142 F.3d 873, 887 n.4 (5th Cir. 1986) ("If the first served defendant . . . does not effect a timely removal, subsequently served defendants cannot remove. . ."); Getty Oil Corp. v. Insurance Co. of North America, 841 F.2d 1254, 1262 (5th Cir. 1988).

 More recently, however, four Courts of Appeals have adopted the "last-served defendant" rule.  See Barbour v. Int'l Union, 594 F.3d 315, 326 (4th Cir. 2010) (overturning its prior precedent that adopted "first-served defendant" rule in light of the Supreme Court's decision in Murphy Brothers); see also Bailey v. Janssen Pharamceutica, Inc., 536 F.3d 1202, 1205 (11th Cir. 2008) (noting that, in adopting the rule, "the trend in recent case law favors the last-served defendant rule"); Marano Enters. of Kan. v. Z-Teca Rest., L.P., 254 F.3d 752, 755 (8th Cir. 2001) (adopting the last-served rule because it was "most in keeping

with the Supreme Court's Murphy Brothers decision"); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999).

The "last-served defendant" rule permits the last served defendant to remove the entire case within thirty days of service. See Cmiech v. Electrolux Home Prod., Inc., 520 F. Supp. 2d 671, 677 (M.D. Pa. 2007) (allowing removal of entire case when a later-served defendant removed). Accordingly, the other defendants may consent to the later-served defendant's removal "even if their own removal periods have expired" or if part of the case was adjudicated. Di Loreto v. Costigan, 351 Fed. App'x 747, 752 (3d Cir. 2009) (citing Cmiech, 520 F. Supp. 2d at 676); see also Long Branch Citizens Against Hous. Discrimination, Inc. v. City of Long Branch, CIV-A No. 09-4980, 2010 WL 3271733, at *4 (D.N.J. Aug. 17, 2010) (finding that removal was proper despite the state trial court's ruling on issues in a motion to dismiss prior to removal of the action). However, as in all cases with more than one defendant, the "rule of unanimity" requires that all defendants consent to the removal. Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985).

The Third Circuit has not yet ruled on whether the "first-served" or "last-served" rule is the proper one. See Di Loreto, 351 F. App'x at 752 n.7 (noting that recent authority supports the "later-served defendant" rule, but leaving "a definitive

decision on the issue for another day").  For Courts that have ruled on the issue, the Supreme Court's reasoning in <u>Murphy Brothers</u> has contributed to the trend toward adoption of the "last-served defendant" rule.  The Court's decision in <u>Murphy Brothers</u> "supports the last-served defendant rule because a defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process."  <u>Bailey v. Janssen Pharamceutica, Inc</u>., 536 F.3d 1202, 1205, 1208 (11th Cir. 2008) (finding that the "first-served defendant rule would obligate a defendant to seek removal prior to his receipt of formal process").

Moreover, several judges in this district have found that "it is counter-intuitive to maintain a 'first-served defendant' rule."[4]  <u>Orlick</u>, 144 F. Supp. 2d at 343 (reasoning that in light of the Supreme Court's decision in <u>Murphy Brothers</u>, a later-served defendant's time to seek removal should not run until that

---

[4] One recent exception to this weight of authority is the holding in <u>Epstein v. Sensory Mgmt. Servs., LLC</u>, No. 07-2113, 2007 WL 2702646, *1 (D.N.J. Sept. 12, 2007).  In <u>Epstein</u>, the Court adopted an "intermediate rule."  <u>Id.</u>  This rule provides individual defendants with "thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition."  <u>Epstein</u>, 2007 WL 2702646 at *2.  The Court reasoned that this rule is fair to the later-served defendant, yet prevents the first-served defendant from getting a "second bite at the apple."  <u>Epstein</u>, 2007 WL 2702646 at *2.  The present case does not present the <u>Epstein</u> situation, however, because the removing party (Tara Broglin) was not previously served with process and is not getting a "second bite" to remove the case.  It is Broglin's "first bite" and is timely.

defendant received proper service of process); see also Pegasus Blue Star Fund, LLC v. Canton Productions, Inc., 2009 WL 331413, *7 (D.N.J. Feb. 10, 2009).

As the other Circuits observed, this Court likewise finds that the "last-served defendant" rule is consistent with Murphy Brothers. The "first-served defendant" rule and its slight variation, the "intermediate" rule, appear to be contrary to the Supreme Court's holding in Murphy Brothers. 526 U.S. at 347. Moreover, to permit a first-served defendant to bind later-served defendants to a state court forum when those defendants could have sought removal had they been more promptly served seems contrary to the interests of equity. Under the facts of this case, the "first-served defendant" rule and the "intermediate" rule would require the Court to find that the earlier-served defendants waived Tara Broglin's right to seek removal before she became a party to the lawsuit. Thus, in light of Murphy Brothers, this Court concludes that the "last-served defendant" rule is in keeping with precedent, is consistent with the trend of case law, and is the most reasonable interpretation of § 1446(b). Therefore, removal was timely as to all Defendants.

In summary, Plaintiffs' cross-motion to remand will be denied because it is untimely and, alternatively, because Defendant Broglin, with the consent of all defendants, timely and properly effectuated removal. Defendant Broglin was first named

11

as a defendant in the Amended Complaint and did not receive service until March 9, 2011.  Hence, following the "last-served defendant rule," Defendant Broglin had thirty days from the date of service to remove the case to the district court, and she did so.  Additionally, since all other defendants consented to the last-served defendant's removal,[5] all parties were properly removed to the federal court even though both State Defendants' removal period expired.  Therefore, Defendant Broglin's Notice of Removal and the other defendants' consent permit the entire action to be before this District Court.

### B. Motion to Dismiss

On a Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief may be granted, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

---

[5] A state waives its Eleventh Amendment immunity when it removes a case from state court to federal court. Lapides v. Bd. of Regents of Univ. Sys. of Georgia, 535 U.S. 613, 619 (2002) (finding that a "State's voluntary appearance in federal court amounted to a waiver of its Eleventh Amendment immunity").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). Thus, stating a claim upon which relief can be granted "requires a complaint with enough factual matter (taken as true) to suggest the required element" of a cause of action. Twombly, 550 U.S at 555.

A required element of Plaintiffs' cause of action is that each defendant is a "person" as the term is used by § 1983. As a matter of law, Defendants DYFS and DHS are not "persons" amenable to suit under § 1983, and therefore the Amended Compliant will be dismissed with prejudice as against DYFS and DHS.[6]

---

[6] The "law-of-the-case" doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). Despite the state court's ruling on the matter, the injunctive relief claim is not barred by the law-of-the case doctrine because the state court did not preclude Defendants from readdressing the issue of injunctive relief. The state court was unsure of how the Ex Parte Young exception applied and invited a subsequent motion to dismiss to be filed on the discrete issue as to whether the injunctive relief claim stands. Since after removal "interlocutory orders of the state court are transformed into orders of the court to which the case is removed," In re Diet Drugs, 282 F.3d 220, 231-32 (citing 28 U.S.C. § 1450), this Court is "free to treat the order as it would any such

Section 1983 provides a federal cause of action against "any person" who, acting under color of state law, deprives another individual of a federal right.  42 U.S.C. 1983; see also West v. Atkins, 487 U.S. 42, 48 (1988) (requiring a plaintiff to show that the alleged deprivation was committed "by a person acting under color of state law").

The Supreme Court found that "a State is not a person within the meaning of § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989) (holding that § 1983 does not provide an avenue for litigants against a State for deprivations of civil liberties).  Similarly, governmental entities that are considered "arms of the State" are not considered "persons" under § 1983.  Will, 491 U.S. at 70.[7]

---

interlocutory order it might itself have entered." Long Branch Citizens Against Hous. Discrimination, Inc. v. City of Long Branch, CIV-A No. 09-4980, 2010 WL 3271733, as *4 (D.N.J. Aug. 17, 2010).  Thus, it is proper for this federal court to entertain the clarifying motion which the state court invited.

[7] While the concept of sovereign immunity under the Eleventh Amendment and the scope of "person" under § 1983 are related, each is distinct. Will, 491 U.S. at 66-67 (finding that the scope of the Eleventh Amendment and the scope of § 1983 are separate issues).  The Supreme Court's decision in Will looked to the Eleventh Amendment as guidance in determining Congress' intended scope of § 1983.  491 U.S. at 67-68 ("in deciphering congressional intent as to the scope of § 1983, the scope of the Eleventh Amendment is a consideration, and we decline to adopt a reading of § 1983 that disregards it.").  This reasoning does not make the two concepts equal. Compare Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, (3d Cir. 1989) (finding that NJ Transit is not an arm of the State for purposes of the Eleventh Amendment), with Geod Corp. v. N.J. Transit Corp., 678 F. Supp. 2d 276, 287 (D.N.J. 2009) (holding that NJ Transit if

14

Plaintiffs' claims against DYFS and DHS fail because both are not "persons" under § 1983.  DHS was created by New Jersey statute, is within the executive branch of the New Jersey government, and thus is an "arm of the state."  See N.J.S.A. 30:1-2.  Moreover, this Court has previously found that DHS is not subject to liability under § 1983.  Estate of Lydia Joy Perry ex rel. Kale v. Sloan, Civ. No. 10-4646, 2011 WL 2148813 (D.N.J. May 31, 2011) (dismissing claims against DHS because the agency is not a "person" under § 1983).  Similarly, this Court held that DYFS is not a "person" under § 1983.  See Simmerman v. Corino, 804 F. Supp. 644, 650 (D.N.J. 1992) (using the three factor test from Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655 (3d Cir. 1989), in finding that DYFS is an "arm of the state").  Therefore, DYFS and DHS cannot be amenable to a suit under § 1983.

Plaintiffs argue that a claim against a state in federal court for prospective injunctive relief is not barred.  Plaintiffs mistakenly rely on the exception to state sovereign immunity set forth in Ex Parte Young, 209 U.S. 123 (1908).  In Ex Parte Young, the Supreme Court held that sovereign immunity does not apply to prospective injunctive relief against a state official acting as officers of the state.  209 U.S. at 155-56.

---

not a "person" under § 1983). Thus, any Eleventh Amendment claim must be analyzed separately from a claim that an entity is not a "person" under § 1983.

However, the State Defendants have not asserted an Eleventh Amendment defense, nor are they immune from a federal court judgment under the Eleventh Amendment since they consented to removal of this case to federal court.  See supra n.5.  Instead, the Defendants contend that they are not amenable to suit because they are not, by statutory definition, "persons" under § 1983.

It is settled in the Third Circuit that injunctive relief cannot be sought under § 1983 if the entity is not a "person." See Brow v. Farrelly, 994 F.2d 1027, 1037 (3d Cir. 1993) (upholding dismissal of injunctive relief because neither the Territory of the Virgin Islands nor its officers "acting in their official capacities are 'persons' under 42 U.S.C. § 1983"); see also Calhoun v. Young, 288 Fed. App'x. 47, 50 (3d Cir. 2008) (upholding dismissal of monetary damages and injunctive relief from the State of New Jersey because a State "is not a person for purposes of § 1983").  Therefore, the Ex Parte Young exception for injunctive relief is not at issue nor applicable to this case.  The Amended Complaint must be dismissed as to DYFS and DHS.

**IV. CONCLUSION**

For the reasons explained above, the Court will deny Plaintiffs' motion for remand and grant Defendants' motion to dismiss the Complaint as to Defendants New Jersey Division of

Youth and Family Services and New Jersey Department of Human Services.  The accompanying Order will be entered.

**August 22, 2011**             **s/ Jerome B. Simandle**
Date                             JEROME B. SIMANDLE
                                 United States District Judge